IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *
                           *
v.                            *   Criminal No. WMN-09-622
                           *   Civil No. WMN-12-3618
JAY W. HUSTEAD             *
                           *
                           *

  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. 75, filed by Defendant Jay W. Hustead, who is proceeding pro se. The government has opposed the motion. ECF No. 83. For the reasons that follow, the motion will be denied.

Defendant is currently serving a 24-month sentence for failing to collect and pay taxes in violation of 26 U.S.C. § 7202. In November 2009, he signed a pre-indictment plea agreement. Before signing the plea agreement, the parties signed multiple tolling agreements so as to avoid requiring the government to indict Defendant immediately, and to allow him time to sell his dental practice and liquidate assets in an effort to reduce his tax liability. Defendant did not enter his guilty plea until June 22, 2010. By signing the plea agreement, Defendant waived his right to appeal any sentence within or

below the sentencing guidelines range that resulted from an adjusted base offense level of 21.

At Defendant's plea hearing, the Court heard the government's summary of what the evidence would be had the case gone to trial, ECF No. 83-2 (Plea Hearing Transcript) at 18-21, which corresponded to the factual summary appended to Defendant's plea agreement.  See ECF No. 83-1 (Plea Agreement). In both instances, Defendant acknowledged that the facts presented were true and correct.  Id.; ECF No. 83-2 at 21.

In October 2011, before Defendant's sentencing, but after filing a sentencing memorandum on Defendant's behalf, Defendant's counsel at the time, Joshua Treem, moved to withdraw from the case.  Mr. Treem was excused and Defendant retained Harry Trainor as his new counsel.  On December 7, 2011, Defendant was sentenced to 24 months incarceration which represented the low end of the government's recommended range, and which was well below the range suggested by the guidelines.

Defendant did not appeal, but timely filed the present motion on December 10, 2012.  In it, he advances 13 grounds to support his request for relief, actual innocence and 12 claims of ineffective assistance of counsel by both Mr. Treem and Mr. Trainor.[1]  All are without merit.

---

[1] The grounds for Defendant's motion are: (1) legal and factual innocence; (2) submission of "legally invalid" documents to the

2

Defendant does not challenge the propriety of the Court's

Rule 11 hearing, which is a "fair and just reason for

withdrawing a plea." United States v. Lambey, 974 F.2d 1389,

1394 (4th Cir. 1992) (internal quotations omitted).  Rather,

Defendant's claim of actual innocence flatly contradicts the

statements of facts which he acknowledged were true and correct

at the time his guilty plea was agreed to and entered.  Indeed,

at the hearing where Defendant entered his plea, the Court asked

him directly, "You are pleading to this charge because you are,

in fact, guilty?" to which Defendant responded "Yes, sir."  ECF

No. 83-2 at 21.  Defendant was under oath at the time.  Given

this context, the Court will not indulge Defendant with "a rare

exception to the rule of finality" by allowing him to "abrogate

his guilty plea on collateral attack." United States v. Fugit,

703 F.3d 248, 253 (4th Cir. 2012).

---

Court which prejudiced Defendant at sentencing; (3) failure to
conduct discovery; (4) mischaracterization of the facts and law
in order to convince Defendant to plead guilty; (5) directing
Defendant to sign the tolling agreements; (6) Mr. Treem's "false
claim" contained in his motion to withdraw his appearance; (7)
the Court's failure to allow Mr. Trainor sufficient time to
prepare for sentencing; (8) failure to adequately prepare; (9)
failure to file objections to alleged inaccuracies in
Defendant's presentence report; (10) failure to object to the
introduction of evidence from unindicted and uncharged, related
prior conduct; (11) failure to file an appeal on Defendant's
behalf; (12) failure to file a motion to reconsider Defendant's
sentence; and, (13) failure to object to the Court's
consideration of Defendant's presentence investigation report at
sentencing.

To succeed on his claims of ineffective assistance of counsel, Defendant must show both that his counsel's performance fell outside of the "wide range of reasonable professional assistance," and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 688-89 (1984). The latter of these two elements requires Defendant to show that "there is a reasonable probability that the outcome of the proceeding would have been different" absent his counsel's errors. Lawrence v. Banker, 517 F.3d 700, 709 (4th Cir. 2008).

Defendant's claims of ineffective assistance fail on either or both of these fronts, in large part, because they do not reflect the realities of his case. For example, in Ground 3 Defendant argues that Mr. Treem failed to conduct any discovery in the case. But, because all of the negotiations surrounding Defendant's plea agreement were handled pre-indictment, formal discovery was not available. In re Possible Violations of 18 U.S.C. §§ 201, 371, 491 F. Supp. 211, 214 (D.D.C. 1980) ("[Fed. R. Crim. P.] 16(a)(1)(A) applies only to defendants; it governs discovery of evidence after the return of an indictment . . . ."). Similarly, in Ground 4, Defendant argues that Mr. Treem inaccurately advised him of the law and facts. But, as already noted, Defendant raised no objection to the statement of facts contained in his plea agreement or recited at his plea hearing. In addition, the plea agreement itself recited the elements of

the offense to which he pleaded guilty.  ECF No. 83-1 at 1-2.
The most obvious example of Defendant's misconstruction of the
circumstances of his case, however, is Ground 11 where he claims
to have received ineffective assistance because Mr. Trainor did
not file an appeal on his behalf.  Defendant, however,
"knowingly and expressly" waived "any right to appeal from any
sentence within or below the advisory guideline range resulting
from an adjusted base offense level of 21."  ECF No. 83-1 at 6.
Because Defendant was sentenced below the guideline range, he
was prohibited from appealing and thus, Mr. Trainor's failure to
do so could not have constituted ineffective assistance.

Alternatively, Defendant's claims of ineffective assistance
fail because they are made without any support.  For example, in
Ground 2, Defendant argues that his conviction was based on
invalid, unsigned documents, but fails to identify which
documents were improper or explain how they caused him
prejudice.  In Ground 10, Defendant claims that his sentence was
enhanced based on the introduction of "evidence from unindicted
and uncharged related conduct," ECF No. 75 at 21, but fails to
identify what evidence was introduced or even the prior
prejudicial conduct he claims the evidence showed.  This type of
"vague, speculative, or conclusory allegation . . . clearly does
not suffice to present a claim under § 2255."  Hill v. United
States, Case No. 1:03CR173, 2008 WL 2121138 (N.D. Ohio May 20,

2008) (internal quotations omitted); <u>see</u> <u>also</u> <u>U.S. v. Morrison</u>,

98 F.3d 619, 626 (D.C. Cir. 1996) ("summary denial of a § 2255

motion is appropriate when the ineffective assistance claim is

speculative"); <u>Bowen v. Foltz</u>, 763 F.2d 191, 194 (6th Cir. 1985)

("a defendant must make more than merely speculative

assertions").

    A separate order will issue.


                                  _____/s/_____
                                  William M. Nickerson
                                  Senior United States District Judge


Dated: July 31, 2013